United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COBALT PARTNERS, LP, COBALT PARTNERS II, LP, COBALT OFFSHORE MASTER FUND, LP AND COBALT KC PARTNERS, LP,<br><br>  Plaintiffs,<br><br>  v.<br><br>SUNEDISON, INC., AHMAD CHATILA, BRIAN WUEBBELS, MARTIN TRUONG, ALEJANDRO HERNANDEZ, EMMANUEL HERNANDEZ, ANTONIO R. ALVAREZ, PETER BLACKMORE, CLAYTON DALEY JR., GEORGANNE PROCTOR, STEVEN TESORIERE, JAMES B. WILLIAMS, RANDY H. ZWIRN, GOLDMAN, SACHS & CO., J.P. MORGAN SECURITIES LLC, MORGAN STANLEY & CO. LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, DEUTSCHE BANK SECURITIES INC., MACQUARIE CAPITAL (USA), INC., MCS CAPITAL MARKETS LLC and DOES 1- 25, inclusive,<br><br>  Defendants. | No. C 16-02263 WHA<br><br>**ORDER DENYING DEFENDANTS' ADMINISTRATIVE MOTION TO EXTEND TIME TO RESPOND** |

In this securities action, defendants request suspension of their deadline to respond to plaintiffs' complaint until disputes about jurisdiction and venue have been resolved. Plaintiffs oppose. Previously, the parties agreed that defendants would respond by May 20, 2016. Defendants now argue that "good cause" exists for an extension because: (1) defendants intend

to seek a transfer to the Southern District of New York, in which case briefing may need to be resubmitted to address Second Circuit case law; (2) defendants anticipate that plaintiffs may seek to remand the case; (3) SunEdison filed for bankruptcy on April 21, 2016; (4) a delay would enable defendants to more efficiently coordinate briefing and discovery with other pending cases that arise from overlapping facts; and (5) plaintiffs would not be prejudiced by the tolling.

In their motion, defendants describe their request as one for a "brief" extension. In fact, defendants request an indefinite extension. Defendants have not shown "good cause" for an indefinite extension. Defendants do not contend that they have had insufficient time to prepare a response. Indeed, defendants previously agreed to the May 20 deadline. Moreover, proceeding with a motion to transfer is not incompatible with defendants' obligation to respond to the complaint. Finally, suspending the response deadline until after resolution of a transfer motion would lead to a prolonged and unjustified delay. Defendants' motion to extend time to respond is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: May 16, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2